UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUIS CURET,

                    Plaintiff,

    v.                                      Case No. 25-cv-6-pp

TONIA ROZMARYNOSKI, *et al.*,

                    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Luis Curet, who is incarcerated at Columbia Correctional Institution and is representing himself, filed an amended complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 6, and screens the amended complaint, dkt. no. 7.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fe (Dkt. No. 6)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 10, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $61.34. Dkt. No. 12. The court received that fee on February 27, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.  Screening the Amended Complaint

### A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff has sued forty defendants for alleged excessive force, denial of medical care and denial of due process at Green Bay Correctional Institution. Dkt. No. 7 at 1. He alleges that on December 6, 2023, he asked to speak to defendants Lannoye and Baker about death and rape threats he received from two other incarcerated individuals. Id. at ¶21. Then defendant Burg allegedly saw the plaintiff, and he informed her of the threats and that he wanted to move to another cell. Id. at ¶22. The plaintiff states that instead of

3

moving him, Burg found that he was a danger to himself and placed him on controlled observation for seventy-two hours. Id. at ¶23. Defendants Hamilton, Woolf and Breen-Smith allegedly approved the placement, and defendant Tayson agreed to place the plaintiff on observation when there was no legitimate reason to do so. Id.

The plaintiff alleges that Lannoye and Baker escorted him to segregation and placed him in the "strip cage" to be searched. Id. at ¶24. While strip searching the plaintiff, defendant Korpita allegedly made "lewd comments" about the plaintiff's genitals and body. Id. at ¶26. The plaintiff states that after the search, defendant Rozmarynoski told the plaintiff to get on his knees so that handcuffs and shackles could be placed on him. Id. After the plaintiff was tethered to the door, Rozmarynoski allegedly sprayed the plaintiff with "OC mace" including his face and genitalia, despite knowing that the plaintiff has asthma and that Department of Corrections policy prohibits staff from using OC mace on him. Id. at ¶¶27-28. Rozmarynoski also allegedly tasered the plaintiff. Id. at ¶27. The plaintiff states that Rozmarynoski did not provide the plaintiff with a shower to rinse the chemicals. Id. at ¶29. Defendants Apoloapenki, Granius and Utter allegedly failed to provide the plaintiff with medical care after the incident. Id.

The plaintiff alleges that later that day (December 6, 2023), staff members came to his cell dressed in riot gear to perform a cell entry. Id. at ¶30. Once in the plaintiff's cell, defendants Korpita, Hoffman, Hanson, Bridges, Jean, Ramirez, Mayer, Issac Buhle, Rayes, Haworth, Cortes, Banker, Kushing,

Vanladen, Neveu, Diedrick, Schleis and Lannoye slammed the plaintiff to the ground and began to strike him with weapons, fists and feet. Id. at ¶31. These defendants then allegedly spit, urinated and smeared feces on the plaintiff while accusing him of doing it to himself. Id. The plaintiff states that the assault lasted for minutes, until he lost consciousness. Id. The plaintiff allegedly suffered broken bones and lacerations. Id. at ¶32. Defendants Rachel Matushak, Granius, Apolapenko and Utter allegedly did not give the plaintiff medical treatment nor did they send him to the hospital. Id. Defendants Lannoye and Rozmarynoski allegedly did not allow the plaintiff to receive medical treatment. Id. at ¶34.

The plaintiff alleges that on December 7, 2023, he received a conduct report (CR# 00356703) for assaulting staff, disobeying orders and disruptive conduct. Id. at ¶35. The plaintiff says that he was not allowed to give a statement regarding the events related to the conduct report. Id. at ¶36. He asserts that on December 18, 2023, defendants Anthony Matushak and Bamke held a disciplinary hearing, and the plaintiff was found guilty. Id. at ¶38. The plaintiff also alleges that on January 22, 2024, a hearing was held by Anthony Matushak in which he found plaintiff guilty (presumably on another conduct report). Id. at ¶42. Defendants Kind, Schultz, Stevens and Hase allegedly sustained the guilty findings despite the plaintiff's assertions that he was denied due process because he was not allowed to present witnesses or attend the hearing. Id. at ¶43.

5

The plaintiff claims that the defendants violated his constitutional rights. Id. at 7-8. For relief, he seeks compensatory damages, punitive damages and injunctive relief. Id. at 8-9.

    C.    <u>Analysis</u>

The Eighth Amendment protects incarcerated individuals from physical force that amounts to the "unnecessary and wanton infliction of pain." <u>Whitaker v. Dempsey</u>, 144 F.4th 908, 922 (7th Cir. 2025) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). The force used by a prison official is unnecessary and wanton if he intends "maliciously and sadistically" to cause harm to an incarcerated individual. <u>Id.</u> (quoting <u>Forrest v. Prine</u>, 620 F.3d 739, 744 (7th Cir. 2010)); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). "Force used in 'a good-faith effort to maintain or restore discipline' does not violate the Eighth Amendment." <u>Whitaker</u>, 144 F.4th at 922 (quoting Forrest, 620 F.3d at 744). The plaintiff may proceed on an Eighth Amendment excessive force claim against Rozmarynoski in her individual capacity based on allegations that on December 6, 2023, Rozmarynoski sprayed him with OC mace and used a taser on him while he was tethered to the cell door.

The plaintiff alleges that after Rozmarynoski sprayed him with OC mace and tasered him, Nurse Apolapenko, Nurse Granius, Rachel Matushak, Rozmarynoski and Utter denied him a shower and medical care. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. <u>Cesal v. Moats</u>, 851 F.3d 714, 720-

6

21 (7th Cir. 2017) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." <u>Cesal</u>, 851 F.3d at 721 (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> (quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)). The plaintiff may proceed on an Eighth Amendment medical care claim against Apolapenko, Granius, Rachel Matushak, Rozmarynoski and Utter in their individual capacities for allegedly denying him a shower and medical care.

The plaintiff alleges that Korpita made lewd comments about the plaintiff's genitals and body during the strip search that occurred before the plaintiff was placed in controlled observation. These allegations, though sparse, implicate the plaintiff's rights under the Fourth and Eighth Amendments. <u>See</u> <u>Henry v. Hulett</u>, 969 F.3d 769, 781 (7th Cir. 2000). The plaintiff may proceed against Korpita in his or her individual capacity.

The plaintiff alleges that Woolf, Breen-Smith, Hamilton, Burg and Tayson placed him on observation status for seventy-two hours without a legitimate reason and against the plaintiff's wishes, in violation of the plaintiff's right to due process. But the plaintiff's three-day placement on observation status does not implicate a liberty interest. See Marion v. Columbia Corr. Inst., 559 F.3d 693, 697-98 (7th Cir. 2009) (incarcerated individual's placement in segregation may implicate a liberty interest, but only if the length of the segregated confinement is substantial and the conditions of confinement are unusually harsh); see also Townsend v. Fuchs, 522 F.3d 765, 771–72 (7th Cir. 2008) (holding that incarcerated individual had no liberty interest in avoiding fifty-nine-day stay in temporary lock up status while prison conducted investigation into alleged misbehavior); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005) (three-month placement in segregation did not implicate liberty interest); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005) (two-month placement in segregation did not implicate liberty interest). The plaintiff does not state a due process claim based on his placement on observation status for three days.

The plaintiff's other allegations involve an incident that occurred on December 6, 2023, during which the plaintiff alleges that multiple defendants entered his cell and assaulted him. He also alleges that he suffered injuries from the cell entry and that other defendants denied him medical care. Finally, the plaintiff alleges that on December 7, 2023, he received a conduct report charging him with violations related to the cell entry and that he did not receive adequate due process protections at the disciplinary proceedings for the

8

conduct report. These allegations are distinct from the events that occurred earlier in the day on December 6, 2023.

Although it is appropriate for a plaintiff to file several claims against the same defendant, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). In this case, the court will allow the plaintiff to proceed on the following claims: (1) an Eighth Amendment excessive force claim against defendant Rozmarynoski for allegedly unnecessarily using OC mace and a taser on him (2) an Eighth Amendment medical care claim against defendants Apolapenko, Granius, Rachel Matushak, Rozmarynoski and Utter for allegedly denying the plaintiff a shower and medical care after the incident with

Rozmarynoski; and (3) Eighth and Fourth Amendment claims against Korpita for allegedly making lewd comments about the plaintiff's body and genitalia during the strip search immediately preceding the incident with Rozmarynoski.

If the plaintiff wants to pursue his claims regarding alleged use of force during the cell entry, denial of medical care after the cell entry and denial of due process stemming from disciplinary proceedings, he must do so in a separate lawsuit and must pay a separate filing fee for that lawsuit.[1]

### III.  Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **ORDERS** that the plaintiff may proceed on the following claims: (1) an Eighth Amendment excessive force claim against defendant Rozmarynoski; (2) an Eighth Amendment medical care claim against defendants Apolapenko, Granius, Rachel Matushak, Rozmarynoski and Utter; and (3) Eighth and Fourth Amendment claims against defendant Korpita based on strip search.

The court **DISMISSES** defendants Bamke, Anthony Matushak, Schultz, Kind, Brooks, Hamilton, Woolf, Hase, Breen-Smith, Burg, Steven, Hoffman, Lannoye, Hill, CO Banker, Neveu, Diedrick, Schommer, Ramirez, Bridges, Scheis, Jean, Hanson, Perttu, Tayson, Buhle, Mayer, Rayes, Haworth, Claire Banker, Kushing, Cortes and Vanlanden.

---

[1] The plaintiff has another case pending in this district, in which he has raised some of these allegations (Curet v. Rozmarynoski, Case No. 24-cv-1632-pp (E.D. Wis.)).

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendants Korpita, Rozmarynoski, Apolapenko, Granius, Rachel Matushak and Utter. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$288.66** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

12

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 14th day of October, 2025.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge