UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUIS CURET,

                         Plaintiff,

        v.                                          Case No. 25-cv-6-pp

TONIA ROZMARYNOSKI, *et al.*,

                         Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO
APPOINT COUNSEL (DKT. NO. 56)**

Plaintiff Luis Curet, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on the following claims: (1) an Eighth Amendment excessive force claim against defendant Rozmarynoski for allegedly unnecessarily using OC mace and a taser on him (2) an Eighth Amendment medical care claim against defendants Apolapenko, Granius, Rachel Matushak, Rozmarynoski and Utter for allegedly denying him a shower and medical care after the incident with Rozmarynoski; and (3) Eighth and Fourth Amendment claims against defendant Korpita for allegedly making lewd comments about the plaintiff's body and genitalia during the strip search immediately preceding the incident with Rozmarynoski. Dkt. No. 17 at 9-10. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 56.

1

The plaintiff states that he cannot afford a lawyer and that his imprisonment will greatly limit his ability to litigate. Id. at 1. He says that summary judgment or a trial likely will involve conflicting testimony, and that counsel would better enable him to present evidence and cross-examine witnesses. Id. The plaintiff states that he has made repeated efforts to obtain a lawyer. Id. He has filed letters from lawyers declining to represent him. Dkt. Nos. 36, 52 at 9, 54.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

2

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with the lawyers' names, their addresses, how and when the plaintiff attempted to contact the lawyer and the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the

3

case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." <u>Pickett</u>, 930 F.3d at 871.

The plaintiff has made a reasonable attempt to find a lawyer on his own, so he has satisfied the first prong. But the plaintiff's filings demonstrate that he can advocate for himself and communicate well. His filings are clear and persuasive. The plaintiff's claims are not complex. They involve incidents that the plaintiff has described in the complaint and of which he has personal knowledge. The defendants' motions for summary judgment on exhaustion grounds currently are pending. The court has provided the plaintiff with information about responding to the motions. Dkt. No. 51. The plaintiff's filings show that he is capable of responding to the defendants' motions for summary judgment on exhaustion grounds. The court will deny without prejudice his motion to appoint counsel.

The court recently extended the time for the plaintiff to respond to the defendants' motions, giving him until the end of the day on May 29, 2026. Dkt. No. 55. However, due to the court's delay in addressing the instant motion to appoint counsel, the plaintiff may need more time to respond. The court will provide the plaintiff another brief extension and set a new response deadline below.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 56.

The court **ORDERS** that the time for the plaintiff to file his response(s) to the defendants' motions for summary judgment is **EXTENDED** until the end of

4

the day on June 19, 2026. If the plaintiff does not respond to the defendants' motions for summary judgment by the end of the day on June 19, 2026, the court will consider the motions as unopposed and decide them without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 28th day of May, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5